IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

STATE OF MISSISSIPPI, EX REL.,
MELISSA COLEMAN                                              PLAINTIFF

VERSUS                          CIVIL ACTION NO. 3:12-cv-360-DCB-MTP

ALLEGIANCE HEALTH MANAGEMENT, INC.                           DEFENDANT

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion [24] to File Amended Complaint Outside of Time. Having considered the parties' submissions, the record, and the applicable law, the Court finds that the Motion to Amend should be granted.

This *qui tam* action was filed on May 23, 2012 and subsequently transferred to the Eastern District of Arkansas on August 22, 2013. Order [17]. The United States intervened in the case and a settlement was reached as to certain claims. The case was then transferred back to this Court to consider the remaining Mississippi state-law and retaliation claims. Order [18].

The Court directed Plaintiff to file any motions regarding a proposed amended complaint by April 10, 2019. Order [22]. Plaintiff did not file the instant Motion [24] until June 26, 2019 and now seeks to add more claims. Defendant opposes the proposed amendment as untimely and futile.

As Plaintiff must seek the Court's leave to amend, Federal Rule of Civil Procedure 15(a)(2) applies and states that the Court "should freely give leave when justice so requires." When considering the appropriateness of an amended pleading a court must review several factors including (1) undue delay, (2) bad faith on the part of the movant, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) the futility of the amendment. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

The first factor, undue delay, weighs in favor of denying the amendment. This case is of considerable age and Plaintiff failed to comply with the Court's April 10th deadline. However, the next three factors, bad faith, repeated failure to cure deficiencies, and undue prejudice, weigh in favor of granting the amendment. While Defendant may be eager to resolve this old case, a case management conference has not been conducted and the parties have not participated in any discovery. Therefore, there is no real prejudice to Defendant and Plaintiff has not acted in bad faith.

Defendant also argues that the fifth factor, futility of the amendment, weighs in favor of denying the proposed amendment. Defendant asserts that some of the proposed claims are plainly futile because they are identical to claims handled in the Arkansas matter, which have been dismissed with prejudice pursuant to an agreed settlement. Plaintiff has not responded to this argument.

The Fifth Circuit has defined futility to mean "that the amended complaint would fail to state a claim upon which relief can be granted." *Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000). A determination of whether a proposed amendment would be subject to dismissal could require "a detailed analysis of the proposed pleading…." *Moore v. Dallas Indep. Sch. Distr.*, 557 F. Supp. 2d 755, 759 (N.D. Tex. 2008). At this stage, leave to amend will not be denied as clearly futile based on the record before the Court. The parties may address the merits of the claims asserted via a motion to dismiss or other appropriate motions. As the majority of the factors favor Plaintiff, the Motion [24] should be granted.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion [24] for Leave to File Amended Complaint Outside of Time is GRANTED. Plaintiff shall file the amended complaint in the form attached to the Motion [24] on or before July 23, 2019.

SO ORDERED, this the 16th day of July, 2019.

                                                  s/Michael T. Parker
                                                  United States Magistrate Judge